# Froehly *v.* Harton et al., Appellants.

*Workmen's compensation — Injury in course of employment —
Opinion by physicians—Antecedent physical condition.*

1. Where a woman, engaged for dishwashing and scrubbing
floors, falls while engaged in the latter occupation and is injured,
an award of compensation in her favor will be sustained, where
the opinion of the physician is positive that the injury was the
result of the fall and not of a preëxisting bone trouble.

*Workmen's compensation—Seasonal occupation—Dishwashing—
Words and phrases.*

2. A woman engaged as a dishwasher in an amusement park
open only three months in the year, is not engaged in a seasonal
occupation within the meaning of the Workmen's Compensation
Act.

3. A seasonal occupation is an employment pertaining to a
season or a specific part of a year; hence it may be said that a
seasonal occupation is an employment pertaining to, or of that
kind of labor exclusively performed at specific seasons or periods
of the year. The word is different in meaning from the words
"casual" and "intermittent."

4. Seasonal occupations are those vocations which cannot, from
their very nature, be continuous or carried on throughout the year,
but only during fixed portions of it. On the other hand, labor or
occupation possible of performance and being carried on at any
time of the year, or through the entire twelve months, is not
seasonal.

5. As dishwashing may be carried on through the whole year and
at any time or in any place, it is not seasonal.

Argued September 30, 1927.    Before MOSCHZISKER,
C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER
and SCHAFFER, JJ.

Appeal, No. 106, March T., 1927, by defendants, from
judgment of C. P. Allegheny Co., Oct. T., 1925, No. 172,
affirming decision of workmen's compensation board,
awarding compensation, in case of Stella Froehly v. T.
M. Harton Co., defendant, and Massachusetts Bonding
& Insurance Co., insurance carrier. Affirmed.

Appeal from decision of workmen's compensation board, awarding compensation. Before ROWAND, J.
The opinion of the Supreme Court states the facts.
Decision affirmed. Defendants appealed.

*Error assigned,* inter alia, was judgment, quoting record.

*Charles F. Patterson,* with him *Harry J. Nesbit,* for appellant.

*J. Thomas Hoffman,* with him *William J. Lappe,* for appellee.

OPINION BY MR. JUSTICE FRAZER, November 28, 1927:
Appellant's argument contains a statement to the effect that "there is only one question to be determined, namely, whether or not the occupation of the claimant was seasonal." We fail to discover in the record before us that the matter of "seasonal occupation" was directly or indirectly considered either by the referee in reaching a finding in favor of claimant or by the compensation board which, upon appeal by defendant, affirmed that finding. At a hearing de novo, requested by defendant, a statement of facts, agreed upon respectively by counsel, was made a part of the record, which sets forth that the amusement park at which claimant was employed as a dishwasher was open for business and to the public for a portion of the year only, namely, from June 1st, to September 1st. This additional evidence is important as far as it goes, but we do not consider the matter of the period of time during which the park remained open to the public of controlling concern in the determination of the case. The initial fact to be determined here is whether the injury claimant sustained while in the course of her employment and on the premises of her employer was the resultant and actual cause of her total incapacity from labor. The referee and compensation

board found this question in claimant's favor, the court of common pleas affirmed that finding on appeal by defendants, and the scope of our review of the record here is to ascertain whether competent evidence is presented to sustain the conclusion arrived at and whether in reaching that result the law was properly applied. Inasmuch as the matter of seasonal occupation was discussed in the argument before the common pleas and the question passed upon by that court and since it served as a basis for the contention by defendants that the award to claimant was not made under the proper provisions in the Workmen's Compensation Act of 1915, we shall give that contention consideration.

Leaving that question aside for the moment, however, was there sufficient competent evidence to sustain the findings of the referee? The material facts are not many or complex. Claimant, mother of a family, was employed by an amusement park company to work as dishwasher in the kitchen of a restaurant on the park premises of defendants. According to her testimony, her duty was, by agreement with her employers, to wash dishes three days a week with the option of working additional time, provided she cared to do so, her compensation being fixed at an average weekly wage of $7.50, payable each week. Although engaged as a dishwasher, being a willing worker, she performed other labor in addition to dishwashing, such as scrubbing floors, and while engaged at this latter work she slipped and fell on the wet and soapy floor, sustaining injury to her back, totally incapacitating her, as the referee found, from further labor. Although she managed, with great difficulty, to continue to work on defendants' premises four days following her injury, she was then compelled by weakness, pain and suffering to cease labor. It is true, as testified by Dr. Martin for claimant, and by Dr. Smith for defendants, that claimant sustained, a year or more previous to the present accident, a fracture of the hip bone; both physicians also testified the old injury was,

at the time of this last accident, causing her no trouble. Dr. Smith further testified that by means of x-ray examinations he discovered claimant had a long standing case of osteo-arthritis, or bone disease, involving the lumbar vertebra. She suffered apparently at times from this affliction, but had been able to work, notwithstanding, up to the time of the accident in this case complained of. We find clear proof that her total disability was the result of the accident in the amusement park and was not caused by the preëxisting bone trouble mentioned in the testimony given by Dr. Smith as follows: "Q. The fact that the woman worked prior to the accident and now cannot work as a result of the fall, do you blame that on the osteo-arthritis or upon the fracture? A. On the osteo-arthritis, because the fall has aggravated the osteo-arthritis. I think her fracture ordinarily healed in a month, I think her fall has kept her from working by aggravating the condition she had there......Q. Do I understand it that it is your opinion that the fall precipitated her disability and aggravated the existing osteo-arthritis? A. That is my idea." It will be noted that in the above quoted testimony there are no equivocal or doubtful reservations. These declarations leave it clear that the injury claimant sustained on defendant's premises precipitated the condition which resulted in her total incapacity for labor. In our opinion the testimony of the physicians and that of other witnesses, including the claimant herself, furnish ample competent evidence to sustain the finding and award by the referee and compensation board, and affirmed by the court below.

The referee, having found claimant received her injury while in the course of her employment on the premises of her employers and was totally disabled thereby, awarded compensation under section 306 of article III of the Workmen's Compensation Act of 1915, to the amount of $6, the smallest award permissible, based upon continuous yearly employment. Counsel for

appellants in the appeal before the common pleas challenged the correctness of the award, objected to the finding and insisted that, as the amusement park was open to the public for only approximately three months in the year, and as the employment of claimant in the restaurant could therefore not extend beyond that length of time, she in fact worked at a "seasonal occupation," and the award should have been computed in accordance with section 309 of the Compensation Law governing occupations termed "seasonal" and, if computed in accordance with that section, the compensation should be $2.03 per week instead of $6 if claimant is entitled to recover any amount. We have, of course, in the consideration of the case, not been unmindful of this contention by appellants, but have not found it of controlling force in reaching our conclusion that the record presents ample competent evidence to sustain the award. As great stress was laid upon this contention by counsel for defendants on the appeal to the court below and no small amount of space is accorded it in their briefs by counsel both for appellant and appellee, we shall give the matter consideration. The essential part of this dispute is whether dishwashing is a seasonal occupation, and, if it is, then claimant, having hired out as a dishwasher to defendants, was engaged in a seasonal occupation at the time she suffered injury, and her compensation should have been adjusted in accordance with section 306 of the Workmen's Compensation Act of 1915, which provides for awards to claimants engaged in such occupations. Is then dishwashing a seasonal occupation? The court below, having heard the arguments of counsel, decided it was not, and to that conclusion we agree. There is no definition of the term in the Compensation Act itself and as our courts seem as yet not to have furnished one, we are obliged to go further afield for information. The case of Andrewjwski v. Coal Co., 182 Mich. 299, instanced by defendant as practically decisive of the question, is not in point. Claimant in that

case was injured in the course of his employment in a coal mine located in a district where apparently none of the mines operated over 300 days each year and many of them not more than 211 days, and the colliery in which the miner claimant worked was operated regularly only a portion of the year. We fail to find however in the report of the case even a trend in the opinion rendered by the appellate court toward holding the miner was engaged in a seasonal occupation and the word "seasonal" is not in fact used by the court. We are well aware that in Pennsylvania, coal mines are operated at intermittent periods and are subject to frequent cessation of mining operations in many mines in every season of a year. But we have yet to learn that coal mining, in whatever manner or in whatever time of the year it is conducted, is a seasonal occupation. The word "seasonal" is a conventional term and is so used in our Workmen's Compensation Act. Its meaning and application are so generally apparent as one of the common words in the English language, that it may properly be inferred the draftsman of the act did not consider it necessary to include a definition of the word in the list of words and phrases specifically defined in the statute. A reference to the Century Dictionary serves to recall that the word is formed from the substantive "season" plus the adjective suffix "al" meaning "of the kind of," and "pertaining to,"—thus making "seasonal," a word pertaining to a season or a specific part of a year; hence it may be said that a seasonal occupation is an employment pertaining to, or of that kind of, labor exclusively performed at specific seasons or periods of the year.

"Season: (b) The period of the year in which something is more in vogue than at others; as......when a particular trade, business or profession is in its greatest state of activity; as the holiday season; the hop picking season;......the theatrical season; the peach season": Cent. Dict. at word "Season."

It is in that current and conventional sense that the words "season" and "seasonal" are in popular use, and it is in that sense that "seasonal" as used in the Pennsylvania Workmen's Compensation Act of 1915 is to be taken. The word has a significance and application far different from the terms "casual" and "intermittent"; these two words, it is true, connote brevity of period of action, but intermittent or casual work may be carried on at any period of the year, irrespective of the season. Hop picking, however, and the gathering of the peach crop, are certainly seasonal occupations. Both of these products come approximately regularly at definite seasons or months, at which time the hops are picked and the peaches gathered. Such work is complete in itself and the labor and action it entails must be begun and finished within approximately a certain, usual and definite period of the year,—the period or months when hops are ready to be picked and peaches ripe enough to be gathered. Seasonal occupations logically are those vocations which cannot, from their very nature, be continuous or carried on throughout the year, but only during fixed portions of it. On the other hand, labor or occupation possible of performance and being carried on at any time of the year, or through the entire twelve months, is certainly not seasonal. The work of dishwashing comes under this latter classification. It is performed as a matter of universal custom and necessity each day of the entire year, in homes, in restaurants, or wherever else table service is used, and is a work or occupation to perform which persons seek paid employment almost anywhere and at any time, or at all times, of the year. It may be, as in the present case, carried on at a summer resort for merely three months in the year,—three months of the summer time,—but at innumerable other places, dishes are being washed, for wages, every day in the same year, and the clatter of the dishwasher will continue every day throughout years to come. Appellant here confuses the character of work—

dishwashing—performed by claimant, with the seasonal period during which the amusement park remained open to the public. It is not to be denied that the persons who own or control or operate the particular park at which claimant was employed, are, during the period their park is open for business and being operated by them, engaged in a seasonal occupation, one which regularly begins about the first of June and ends approximately September 1st. That period embraces their usual summer amusement season, and incidental to a profitable operation of the business of the park is such labor as washing dishes, cooking for the restaurant and scrubbing floors; all of them are occupations, necessary for the successful management of the resort for usually three months, but also necessary and carried on for pay regularly for the full year in innumerable other places. A case very much in point with the one at hand is Kapler v. Camp Taghconic, 213 N. Y. Sup. 160. There, a summer camp for children was conducted and one of the employees, an instructor, in what line is not stated, was drowned in a lake on the camp premises, while assembling children who were in the lake and ordering them to the shore. It was claimed deceased's occupation was seasonal and compensation computed on that ground. The appellate court, in reversing the judgment and holding the employment not to be seasonal, said: "Perhaps the nature of this camp for children and the nature of his duties were such that it would have been impracticable for him to perform the same duties except during the summer months...... However, the fact that this camp may have been operated only in the summer is not necessarily controlling. ......The importance attaches to the nature of the instruction he was giving and what he might have earned annually in the same employment, although not necessarily for the same employer." As in the case of the dishwasher, the instructor of the children in the camp was following an occupation he could have followed else-

where for pay, under other employers, during any part of the year or throughout the entire twelve months. He was not consequently engaged in a seasonal occupation. In Cramer v. West Bay City Sugar Co., 167 N. W. Repr. 843, a workman received injury in the course of his employment while engaged in the service of defendant company during its "campaign,"—the season of maple sugar making,—in the spring of the year and which extends on an average 60 days. With reference to this "campaign" and the labor of the claimant the appellate court said: "The employment in defendant's plant may be termed seasonal."

The assignments of error are overruled and the judgment of the court below affirmed at appellants' costs.