LOCAL UNION, DIVISION NO. 1362, AMALGAMATED ASSOCIATION OF STREET, ELECTRIC RAILWAY AND MOTOR COACH EMPLOYEES OF AMERICA, *et al. v.* HOWARD BUS LINES INC.

JENKINS, Chief Justice. The provision of Chapter 54-7 of the Code (Ann. Supp.), § 54-703, pertaining to strikes as a part of the law relating to industrial relations, reads as follows: "No labor organization and no local shall call or cause any strike, slow down, or stoppage of work in this State until after a 30-days' written notice is given by the labor organization or local to the employer, stating the intention to call the said strike, slow down, or stoppage of work and giving the reasons therefor." This provision is qualified by the succeeding § 54-704, which is as follows: "Nothing in this Chapter shall apply to any labor organization or local in a seasonal industry such as the ladies' garment, hat and millinery and men's clothing industry, nor shall any provision of this Chapter apply to labor unions of railroad employees operating under the national railway employees act." *Held:*

1. Without passing upon the validity of § 54-703 in other respects but, for the purpose of this decision, assuming it to be otherwise legal and constitutional, it appears to be nullified by § 54-704, in that this latter section exempts each and every class of industry from its operation. This conclusion is necessitated for the reason that the exemption section defines the exempted "seasonal industries" as being those *"such as"*

"ladies' garment, hat and millinery and men's clothing;" and since all industries *such as* these are excluded as "seasonal," it follows that all other industries must of necessity be likewise so adjudged. Seasonal industries can properly be taken to include only such as are made so by natural causes, (Annual Rep., 1941 Sec. of Labor, Wage & Hour Div., p. 162), and mere peaks and lulls in consumer demand with respect to a given industry cannot properly be said so to distinguish it. Here, not only is there an absence of any natural cause such as would include the industries named to be taken as seasonal, but in point of fact men and women buy and wear clothing throughout the spring, summer, autumn, and winter, and the industry producing such articles is presumably constantly employed and cannot possibly be termed as seasonal in any sense of the word. Since all other industries *such as these,* by the terms of the statute are likewise sought to be exempted, there is nothing left for § 54-703 to operate on, and therefore it becomes wholly ineffective.

2. Under the above ruling, it follows that the trial court erred in granting a temporary injunction based upon a violation of the provisions of the above Chapter with respect to the requirement of 30-days' notice as a prerequisite to calling a strike.

*Judgment reversed. All the Justices concur. Bell, J., concurs in the result.*

No. 15876. JULY 10, 1947.

*Poole, Pearce & Hall,* for plaintiffs in error.

*Foley & Chappell, Forrest Champion Jr.,* and *Samuel E. Kelly Jr.,* contra.