[Civ. No. 14164. First Dist., Div. One. Jan. 11, 1950.]

BRUCE JOHNSTONE, Appellant, v. STATE BOARD OF EQUALIZATION et al., Respondents.

Bruce Johnstone, in pro. per., and R. J. Hecht for Appellant.

Fred N. Howser, Attorney General, and J. Albert Hutchinson, Deputy Attorney General, for Respondents.

PETERS, P. J.—In August of 1947, respondent May Richardson, over the protests of petitioner, Bruce Johnstone, who is a resident of Inverness, Marin County, was issued a seasonal liquor license permitting her to sell hard liquor at Inverness Lodge. After pursuing, unsuccessfully, his remedies before the State Board of Equalization, petitioner sought a writ of mandate from the superior court to compel the board to cancel the license on the ground that the license had been

illegally issued. From a judgment denying his petition, Johnstone appeals.

Although several issues were presented by the petition and return thereto, this appeal has been taken on the clerk's transcript and a stipulation between the parties. The stipulation provides:

"1. The issues in the above-entitled cause shall be restricted to an interpretation and application of the Alcoholic Beverage Control Act, Stats. of .1935, p. 1123; Deering's General Laws Act 3796, and of Article XX, Section 22 of the Constitution of the State of California, to the issuance of the seasonal on-sale general license, as referred to in said Act, by the Board to said May Richardson, and more particularly to the issue whether the issuance of said license to said May Richardson is affected or controlled by the provisions of section 38f of said Act;

"2. That for the purposes of determining the issues referred to and defined in Paragraph numbered '1' hereof, the Court may assume that said May Richardson was at all times herein mentioned fully qualified for a seasonal on-sale general license, unless the issuance thereof to said May Richardson was or is affected by said Section 38f of said Act and, except for the effect, if any, of said Section 38f of said Act, said license was at all times herein mentioned duly and lawfully issued by the Board to said May Richardson;

"3. That the Court may assume that, for the purposes of Section 38f of said Act, the number of on-sale general licenses, not including seasonal licenses, issued and in effect in the County of Marin at all times herein mentioned, exceeded in number one per thousand of population of said County."

As limited by the stipulation, the sole question presented on this appeal is whether in computing the number of licenses permitted by section 38f of the act—one general on-sale license per 1,000 inhabitants—seasonal as well as general licenses should be included. A reading of the pertinent statutes and rules of the board demonstrates that the answer to this question must be that seasonal licenses never have been used in making such computation, and under the statute and rules should not be so used.

The Constitution, article XX, section 22, provides in part: "The State Board of Equalization shall have the exclusive power to license the . . . sale of intoxicating liquors in this State, . . . and shall have the power, in its discretion, to deny or revoke any specific liquor license if it shall determine

for good cause that the granting or continuance of such license would be contrary to public welfare or morals."

The Alcoholic Beverage Control Act (Stats. 1935, p. 1123, ch. 330, as amended by Stats. 1945, p. 2615, ch. 1401; 2 Deering's Gen. Laws, 1947 Supp., Act 3796), contains the following pertinent provisions: Section 1. "This act shall be deemed an exercise of the police powers of the State, for the protection of the safety, welfare, health, peace and morals of the people of the State; . . . and to promote temperance in the use and consumption of alcoholic beverages; and it is hereby declared that the subject matter of this act involves in the highest degree the economic, social and moral well-being and the safety of the State and of all its people; and all provisions of this act shall be liberally construed for the accomplishments of these purposes."

Section 2(u) provides: " 'Retailer's on-sale license' means and includes on-sale beer licenses, on-sale beer and wine licenses, on-sale general licenses, and on-sale distilled spirits licenses for seasonal businesses."

Section 38f is the section which was added in 1945, and which, for the first time, provided a statutory limitation upon the number of premises that can be licensed in any area. The section reads in part as follows:

Section 38f. "*Limitation upon number of premises licensed.*"

(Par. 1.) "It is hereby determined that the public welfare and morals require that there be a limitation on the number of premises licensed for the sale of distilled spirits."

(Par. 2.) "The number of premises for which an on-sale general license is issued shall be limited to one of such premises for each 1,000, or fraction thereof, inhabitants of the county in which the premises are situated, provided that no additional on-sale general licenses, other than a renewal or transfer or as permitted hereinafter in this section, shall be issued in any county where the number of all premises for which on-sale licenses, other than on-sale beer licenses, are issued shall be more than one of such premises for each 1,000 or fraction thereof, inhabitants of such county, . . ."

(Par. 4.) "The board shall have power to make all rules and regulations consistent with the provisions of Section 22 of Article XX of the Constitution of this State, or this act, necessary to carry into effect the provisions of this section, and to restrict the issuance of alcoholic beverage licenses, including seasonal licenses, . . . to such number in any county

as the board shall determine shall be in the interest of public welfare and morals, convenience or necessity.''

(Par. 5.) ''Whenever it shall be made to appear to the board by satisfactory evidence that the population in any county shall have increased by more than 1,000 or multiples of 1,000 inhabitants . . . and it shall appear to the board that by reason thereof, the inhabitants of such county are unjustly and unfairly discriminated against, and provided that the total number of licenses in such county do not then exceed the maximum specified in the second paragraph of this section, the board shall have power to issue not to exceed one on-sale general license and one off-sale general license for each increase of 1,000 inhabitants in [such] county since the taking of such census. In all other respects the limitation hereinbefore provided for shall continue in effect.''

This limitation of one licensed premise for each 1,000 inhabitants first came into our law by rule of the board adopted in 1939. Rule 41 then adopted provided in subdivision ''a'' that on-sale distilled spirits licenses should be limited to one licensed premise for 1,000 inhabitants, and subdivision ''b'' placed the same limitation on the issuance of off-sale distilled spirit licenses. Subdivision ''d'' then expressly provided that: ''On-sale beer and wine and on-sale distilled spirits and off-sale distilled spirits licenses for seasonal businesses shall not be limited in numbers by the restrictions in paragraphs (a) and (b) of this rule, but shall, however, be restricted to premises for which such licenses have heretofore been issued by the board, unless the board shall determine [as it did in the instant case] that the issuance of such licenses for other premises is warranted because of the public convenience or necessity.''

In 1943, the rules were revised and the provisions of old rule 41 referred to above were readopted as rule 14. Then, in 1945, the Legislature adopted section 38f above quoted, thus putting the one-1,000 ratio into the statute. Thus, between 1939 and 1945, by rule, legally adopted by the board, it is crystal clear that the one licensed premise to 1,000 inhabitants ratio had no application to seasonal hard liquor on-sale licenses. The amendment to the statute in 1945, however, had no application to on-sale beer and wine licenses, so the board, by rule, now rule 61 (4 Cal. Adm. Code 61), provided that such licenses should be limited to the one per 1,000 rule, but expressly provided that seasonal on-sale beer and wine licenses should not be limited by that ratio. As part of the same rule—61, subdivision b—the board provided: ''On-sale

distilled spirits licenses for seasonal businesses shall be restricted to premises for which such licenses have heretofore been issued by the board, unless the board shall determine that the issuance of such licenses for other premises is warranted because of the public convenience and necessity." This rule was in effect when the license here involved was issued. It is still in effect except as to a minor amendment not here involved.

From the above quotations from the statutes and rules it is quite apparent that from 1939 to 1945 the board, by rule, expressly provided that the rule limiting on-sale distilled spirit licenses to one premise per 1,000 inhabitants had no application to seasonal licenses granted for limited periods during the year. It is appellant's theory that the addition of section 38f in 1945 changed this condition by legislative enactment, and that, properly interpreted, that section now applies the ratio rule to seasonal licenses. He argues that under paragraph 4 of section 38f the board is empowered to issue licenses, including seasonal licenses, less in number than the statutory ratio of one licensed premise per 1,000 inhabitants, but are forbidden to issue more licenses than are allowed by the statutory ratio; that if the rules so provide, the rules must fall because the rules must be consistent with the statute; that the plain meaning of paragraph 4 of section 38f "is that the ratio of one to one thousand is an absolute bar to the issuance of any additional licenses, *whether seasonal or not,* until the increase in population justifies their issuance" (App. Op.Br. p. 10) ; that the fundamental purpose of the act was to limit the flow of hard liquor permits, and that such fundamental purpose can be and is defeated by the issuance of seasonal licenses with an open hand.

The construction of the statute suggested by appellant is strained and unsound. It is quite apparent that, under the statute and the rules, on-sale general licenses and on-sale hard liquor licenses for seasonal purposes have been treated separately, and that the statute and the rules apply different criteria in restricting their issuance. Under the statute and under the rules the issuance of general licenses is restricted to the statutory ratio, while the issuance of seasonal licenses is restricted only by the public convenience and necessity. This was crystal clear under rule 41 adopted in 1939, and still in effect as a rule, in somewhat modified form as rule 61. Section 38f did not change this policy. Paragraph 4 of that

section refers to general and seasonal licenses separately and quite clearly makes the statutory ratio binding on the board as to general on-sale hard liquor licenses, but leaves to the board to provide by rule for the limitations on the issuance of seasonal hard liquor licenses and for the issuance of beer and wine licenses. This, the board has done by the rules. Paragraph two of section 38f limits the ratio rule by express language to "on-sale general" licenses. Paragraph four then confers the rule-making power on the board, and requires the board to restrict seasonal licenses in each county as the board "shall determine shall be in the interest of public welfare and morals, convenience or necessity." Paragraph five refers to how the ratio provided by paragraph two shall be ascertained in years other than census years. By express language its provisions are limited to paragraph two.

It is too clear to require further discussion that the statutory ratio has no application to seasonal licenses. Rightly or wrongly, the law puts the issuance of such licenses in the board unrestricted as to number. While it may be true that the board, if it should abuse its discretion and should indiscriminately issue seasonal licenses, could defeat the fundamental purpose of the statute, in the present case no abuse of discretion in issuing the license has been argued or shown. Appellant disagrees with the policy of the law in placing the issuance of seasonal licenses in the discretion of the board. This court has no power to determine that policy. That is a question for the Legislature and not the courts.

The judgment is affirmed.

Ward, J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 6, 1950. Shenk, J., and Edmonds, J., voted for a hearing.