[Civ. No. 19340. Second Dist., Div. One. Sept. 17, 1953.]

JONNY M. LUKIN et al., Appellants, v. STATE BOARD OF EQUALIZATION et al., Respondents.

Philip E. Popler for Appellants.

Edmund G. Brown, Attorney General, and Alexander Googooian, Deputy Attorney General, for Respondents.

DORAN, J.—According to appellants' brief, "Petitioners applied for an off-sale general liquor license and the Board refused to receive, act upon or grant the application. Petitioners thereupon petitioned for an alternative writ of mandamus and for damages, to which petition the board demurred. The demurrer was sustained without leave to amend, from which order (judgment of dismissal) petitioners appeal."

The board's refusal to act on appellants' application, renewed several times, was based, as respondents state, "on its interpretation of section 38f of the Alcoholic Beverage Control Act, which interpretation did not allow the issuance of any new off-sale general licenses in Los Angeles County on the basis of a population increase, as the total number of off-sale licenses, including off-sale beer and wine licenses, was in excess of the number allowable for the population of Los Angeles County, (one per 1,000 persons in a county)."

Section 38f reads as follows:

"It is hereby determined that the public welfare and morals require that there be a limitation on the number of premises licensed for the sale of distilled spirits.

"The number of premises for which an on-sale general license is issued shall be limited to one of such premises for each 1,000, or fraction thereof, inhabitants of the county for which the premises are situated, provided that no additional on-sale general licenses, other than a renewal or transfer or as permitted hereinafter in this section, shall be issued in any county where the number of all premises for which on-sale licenses, other than on-sale beer licenses, are issued shall be more than one of such premises for each 1,000, or fraction thereof, inhabitants of such county, and provided further that no on-sale general license shall be issued in lieu of or upon the cancellation or surrender of an on-sale beer and wine license. The number of premises for which an off-sale general license is issued shall be limited to one of such premises

for each 1,000, or fraction thereof, inhabitants of the county in which the premises are situated, provided that no additional off-sale general licenses, other than a renewal or transfer or as permitted hereinafter in this section, shall be issued in any county where the number of premises for which *all* off-sale licenses are issued shall be more than one of such premises for each 1,000, or fraction thereof, inhabitants of such county. Population . . . shall be determined by the most recent United States decennial or special census.'' (Italics added.)

The trial court's judgment of dismissal, entered after the sustaining of respondent's demurrer to petitioners' petition for a writ of mandate, without leave to amend, states that judicial notice is taken of official statistics published in the Alcoholic Beverage Control Bulletin for June, 1951, showing that ''there are 3,336 premises with off-sale general liquor licenses, 198 premises with off-sale and on-sale general liquor licenses, and 3,747 premises with off-sale beer and wine licenses, making a total of 7,281 premises with off-sale liquor licenses in the County of Los Angeles.'' Under this computation, as respondents' brief points out, the board could not possibly issue a new license to appellants, possessed no discretion in respect to the matter; therefore no hearing was required.

■ Appellants object to the board's interpretation of section 38f of the Alcoholic Beverage Control Act, ''so as to include in the computation of the total number of off-sale *general* licenses the number of existing off-sale *beer and wine* licenses.'' In support of this contention appellants cite such cases as *Johnstone* v. *State Board of Equalization,* 95 Cal. App.2d 527 [213 P.2d 429]. Unlike the present case, the Johnstone opinion involved an attempt to compel the board to cancel a seasonal on-sale general liquor license. The reviewing court held that seasonal licenses had never been used in computing the number of licenses permitted. There was no decision concerning off-sale licenses.

A reading of section 38f, particularly that part relating to off-sale licenses which is the only matter here involved, indicates the correctness of the trial court's ruling, the propriety of the board's interpretation of the statute, and the untenable nature of appellants' contentions.

As pointed out in respondents' brief, the board was without any power, jurisdiction or discretion to issue new off-sale general licenses other than under the conditions expressly

laid down in the statute. If appellants' application for a new license did not fall strictly within the statutory conditions, and if the statutory maximum had already been reached, then obviously a hearing could accomplish nothing. As is well known, the law does not require idle acts. Had the board possessed any discretionary power to grant or withhold a license, a different question would be presented.

The consideration of the first part of section 38f, relating to on-sale licenses, or of cases relating thereto, is of no assistance in dealing with the latter portion of the section pertaining to off-sale licenses. The separation of the two classes of licenses, the one permitting consumption of beverages upon the premises, and the other, such as the off-sale license requested by appellants, permitting only the sale of packaged goods for consumption off the premises, is complete.

As hereinbefore indicated, that part of the statute governing the present situation, expressly provides that "no additional off-sale general license, other than a renewal or transfer or as permitted hereinafter in the section, shall be issued in any county where the number of premises for which *all* off-sale licenses are issued shall be more than one of such premises for each 1,000, or fraction thereof, inhabitants of such county." (Italics added.)

The respondents are correct in saying that "If any effect at all is to be given to the use of the word 'all' in the phrase 'all off-sale licenses', the conclusion is inescapable that both off-sale general licenses and off-sale beer and wine licenses are to be used in computing the number of off-sale general licenses that may be issued in a particular county. The adjective 'all' would be wholly unnecessary if we were to follow appellants' argument that 'all off-sale licenses' means solely off-sale general licenses." The term "all" must be construed to mean exactly what it seems to mean, and there is no authority for inserting the additional limiting words which appellants' theory would require. Had the legislators intended something else, the all-inclusive term would not have been employed.

The appellants' contention that "The board has blown hot and cold in its interpretation of 38f," and that the denial "even of a hearing was clearly arbitrary, capricious, and an abuse of discretion, for which the remedy of mandamus should be granted," is without merit. In support thereof appellants cite *City of San Diego* v. *State Board of Equalization,* 82 Cal.App.2d 453 [186 P.2d 166], which, like *John-*

*stone* v. *State Board of Equalization,* 95 Cal.App.2d 527 [213 P.2d 429], hereinbefore mentioned, involves the issuance of on-sale licenses. Such cases do not support appellants' position.

Since, as already pointed out, the board had no power to issue a license to appellants and consequently a hearing would have been pointless and without benefit to appellants' cause, which position was sustained by the trial court's sustaining of the general demurrer, it "would logically follow," as said by respondents, "that no damage can result from the failure to do an official act by a public officer, where the public officer is powerless to act." Moreover, as respondents state, "appellants were seeking damages for the loss of profits which they *might* have received in operating a retail liquor department in conjunction with their grocery store."

Under the circumstances shown by the record, it would be manifestly improper for an appellate tribunal to reverse the order and judgment of the trial court, and to order the board to do something which the law prohibits, namely the granting of a license in defiance of the statutory provisions.

The judgment is affirmed.

White, P. J., and Drapeau, J., concurred.