REQUESTED BY: John Hanlon, Commissioner of Labor, Nebraska Department of Labor.
Are `drive-in' restaurants and similar establishments which are open primarily during the summer months exempt from the minimum wage provisions of the Nebraska Wage and Hour Act?
No.
This question is a narrow one involving an interpretation of Neb.Rev.Stat. § 48-1202(2) (Reissue 1978), Wage and Hour Act, which states in relevant part:
 "Employer includes any individual, partnership, association, corporation, business trust, legal representative or any organized group of persons employing four or more employees at any one time except for seasonal employment of not more than twenty weeks in any calendar year, . . ." (Emphasis supplied.)
The question presented, then, is whether certain establishments, such as `drive-in' restaurants, which customarily experience their greatest volume of business during the summer months, are exempt from the minimum wage provisions of the Wage and Hour Act.
`Seasonal employment' is defined in Black's Law Dictionary,
Fifth Edition (1979), as follows:
 "As used in compensation laws, . . . [seasonal employment] refers to occupations which can be carried on only as certain seasons or fairly definite portions of the year, and does not include such occupations as may be carried on throughout the entire year."
This definition is squarely applicable to the present situation. Although it is true enough that `drive-in' restaurants are customarily associated with the hot summer months, it does not follow that they correspond to the `seasonable employment' exemption of section 48-1202(2). InHogsett v. Cinek Coal Feed Co., 127 Neb. 393,255 N.W. 546, 93 A.L.R. 305 (1934), the Nebraska Supreme Court discussed at length the statutory application of the words `seasonal' and `seasonal employment' as they relate to the Workmen's Compensation law:
 "The word `seasonal' pertains, of course, to the four seasons of the year spring, summer, autumn and winter but is popularly used in a somewhat wider sense. We speak of the planting season, the harvesting season, hoppicking season, peach and apple picking season, the berry picking season, and many other like expressions. All of these have reference to a particular and somewhat definite period of the year." 127 Neb. at 395, 255 N.W. at 547, 93 A.L.R. at 307.
The opinion continues, discussing the employment at issue in that case:
 "The trucking business may be more active at certain seasons of the year than at others, but it is one that is carried on throughout the year. We think the term `seasonal employment', as used in the compensation law, has reference to an employment which must have been completed during some rather definite period of the year." Id.
at 395-396, 255 N.W. at 547, 93 A.L.R. at 307; Accord, Lincoln Gas and Electric Light Co. v. Watkins, 113 Neb. 619, 204 N.W. 391 (1925); Hiestand v. Ristau, 135 Neb. 881, 284 N.W. 756 (1939).
In contrast to occupations of the nature described above, employment in a `drive-in' restaurant is, like trucking, not limited to a `rather definite period of the year'.
An early case from another jurisdiction provides further elucidation:
 "Seasonal occupations logically are those which cannot, from their very nature, be continuous or carried on throughout the year, but only during fixed portions of it. On the other hand, labor or occupation possible of performance . . . at any time of the year . . . is certainly not seasonal." Froehly v. Harton, 291 Pa. 157, 163, 139 A. 727, 730 (1927) (Workmen's Compensation case).
Although many establishments of the type prompting this opinion may suspend operation during the cooler months, such occurrences do not, without more, mandate exemption from the minimum wage requirements of the Wage and Hour Act. It is, therefore, the opinion of this office, in accordance with the above-cited authority, that `drive-in' restaurants and similar establishments are not exempt from the minimum wage provisions of the Wage and Hour Act.